CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

JUN 2 5 2008

JOHN F. CORCORAN, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| | ) Case No. 7:04CR00124-001 |
| v. | ) |
| | ) MEMORANDUM OPINION |
| WARREN ANDREW BLAKE, JR. | ) |
| | ) By: James C. Turk |
| | ) Senior United States District Judge |
| | ) |

The defendant, Warren Andrew Blake, Jr., filed a motion for sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 of the United States Sentencing Guidelines ("USSG"), which lowered offense levels for crack cocaine offenses. The court took this motion under advisement and notified Blake that he appeared to be eligible for a reduction of his sentence, but that the court did not find it appropriate to grant more than a one-month reduction. The government filed a response to this Notice, opposing any reduction. Blake filed a motion in response to the court's Notice, arguing that he should receive a greater reduction pursuant to United States v. Booker, 543 U.S. 220 (2005) and its progeny. The court appointed an assistant federal public defender to represent Blake as to the appropriate application of the Amendment to his case. Counsel then filed a brief, arguing that the court had incorrectly calculated Blake's amended guideline range and that he was entitled to a sentence reduction below the amended range comparable to the reduction he previously received based on the government's substantial assistance motion. The court

finds that Booker and its progeny are inapplicable to motions to reduce sentence under § 3582(c)(2)[1] and that a reduction of only one month is appropriate in Blake's case.

Blake pleaded guilty to one count of possession with intent to distribute more than 50 grams of crack cocaine, and the court sentenced him in August 2005 to 121 months imprisonment, the bottom of his original sentencing range.[2] On July 17, 2007, the court granted the government's motion for sentence reduction on Blake's behalf, based on his cooperation with law enforcement and resentenced Blake to 66 months imprisonment.

Once the Sentencing Commission decreed that Amendment 706, reducing offense levels for crack cocaine offenses, would be retroactively applicable to cases final before the Amendment's November 1, 2007 effective date, the court had statutory authority under § 3582(c) to revisit the defendant's sentence in order to apply the Amendment. Pursuant to USSG § 1B1.10(b)(2), generally, the court "shall not reduce the defendant's term of imprisonment under 18 U.S.C.

---

[1] See United States v. Hudson, 242 F. App'x 16 (4th Cir. 2007) (it is not clear error or abuse of discretion to refuse to apply Booker to a sentence reduction under § 3582(c)(2)); United States v. Rolle, 163 F. App'x 245 (4th Cir. 2006) (unpublished) ("Rolle sought relief based on the Supreme Court's decision in [Booker]. The relief Rolle seeks is unavailable under § 3582(c)(2)."); United States v. Rodriguez-Pena, 470 F.3d 431, 433 (1st Cir. 2006) (defendant's contention that a § 3582(c) reduction was warranted under Booker was "roundly rejected."); United States v. Price, 438 F.3d 1005, 1007 (10th Cir. 2006) ("Booker does not provide a basis for a sentence reduction under § 3582(c)."); United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) ("Booker is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission. Therefore, Booker is inapplicable to § 3582(c)(2) motions."); United States v. Sanchez, 140 F. App'x 409, 410 (3d Cir. 2005) (unpublished) ("[Section] 3582(c)(2) permits a reduction of sentence as a result of a subsequent amendment of the guidelines by the Sentencing Commission, not based on a decision of the Supreme Court that is unrelated to an actual amendment of the guidelines."); Hayes v. United States, 141 F. App'x 463, 464 (7th Cir. 2005) (unpublished) ("18 U.S.C. § 3582(c)(2)[] authorizes an inmate to file a motion to reduce a sentence based on a subsequent amendment to the guidelines, not based on new case law."); United States v. Privette, 129 F. App'x 897, 899 (5th Cir. 2005) ("Booker is inapplicable to review of the denial of Privette's § 3582(c)(2) motion. By its plain language, § 3582(c)(2) is not implicated by a decision of the Supreme Court that is unrelated to an actual amendment of the guidelines."); but see United States v. Hicks, 472 F.3d 1167 (9th Cir. 2007) (court found that limiting a § 3582(c)(2) sentencing reduction to the amount prescribed by the Sentencing Commission impermissibly applies the guidelines as mandatory in violation of Booker).

[2] Contrary to Blake's apparent belief, the Booker opinion was issued before his guilty plea hearing, and Booker principles were thus in force and considered when he was sentenced.

2

§ 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range." However, "[i]f the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range . . . may be appropriate."

Blake's current term of imprisonment is below his guideline range and the statutory mandatory minimum. Blake's original range for his drug offense was 121-151, based on an adjusted offense level of 29 and criminal history category IV. The government's 2007 motion for a sentence reduction based on Blake's substantial assistance authorized the court under 18 U.S.C. § 3553(e) and Fed. R. Crim. P. 35(b)(4) to sentence him not only below his guideline range, but also below the statutory mandatory minimum of 120 months that applied to Blake's offense under 21 U.S.C. § 841(b)(1)(A). Starting at the lower end of Blake's guideline range, 121 months, the court calculated an appropriate reduction and sentenced Blake to 66 months imprisonment.

Amendment 706 reduced Blake's offense level to 27, making his guideline range 100-125 months. Counsel argues that the government's substantial assistance motion on Blake's behalf "dispensed with the mandatory minimum in his case" and Blake should receive a reduced sentence of 45 months, as such a reduction would be comparably less than his amended guideline range. Blake argues that because the guidelines after <u>Booker</u> are advisory, the limitations in § 1B1.10 are not binding, and the court has the discretion to grant an additional reduction. The court finds no merit to these arguments.

First, <u>Booker</u> does not apply in this sentence reduction proceeding. The requirements set out in § 1B1.10 are made binding on the court by two statutes, 28 U.S.C. § 994(u) and § 3582(c). Section 994(u) states that the Sentencing Commission "shall specify in what circumstances and by

3

what amounts the sentence of prisoners serving terms of imprisonment for the offenses may be reduced." Section 3582(c) provides that, with limited exception, a district court may not modify a term of imprisonment once it has been imposed. The exception in § 3582(c)(2) provides that the court may reduce a term of imprisonment when an amendment reduces a defendant's guideline range, but only "*if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.*" (Emphasis added). Booker did not affect the validity of § 994 or § 3582 or relieve the court of its duty to abide by these statutes.

Consequently, neither Booker nor its progeny authorizes a district court to grant a sentence reduction beyond what is permitted in § 1B1.10. "A motion pursuant to § 3582(c)(2) 'is not a do-over of an original sentencing where a defendant is cloaked in rights mandated by statutory law and the Constitution.'" United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000) (quoting United States v. Tidewell, 178 F.3d 946, 949 (7th Cir. 1999)); see also USSG § 1B1.10(a)(3). Therefore, while the guidelines may be applied in a discretionary manner at an original sentencing pursuant to Booker, nothing in § 3582(c)(2) gives the court similar discretion to depart from USSG § 1B1.10 when issuing a sentence reduction under § 3582(c)(2).

Second, the government's substantial assistance motion did not "dispense with" the statutory mandatory minimum in this case. In cases like Blake's, when the guideline range (100-125 months) straddles the statutory mandatory minimum (120 months), under § 5G1.1(c), the lower part of the guideline range is "trumped" by the statutory sentence. Therefore, the court must use the mandatory minimum (and not the lower end of the guideline range) as a starting point from which to calculate any sentence reduction for substantial assistance. See United States v. Pillow, 191 F.3d 403, 407-08 (4th Cir. 1999) (finding that district court did not err in calculating extent of departure from

4

mandatory minimum and not from lower end of guideline range); United States v. Cordero, 313 F.3d 161, 165 (3d Cir. 2002) (same holding and citing other circuits). Amendment 706 had no effect on the statutory mandatory minimum. Thus, the starting point for reconsideration of Blake's sentence under § 3582(c) is only one month lower (120 months) than it was at sentencing (121 months). The court already fully considered the extent of Blake's cooperation in setting his sentence in July 2007, and under § 3553(e), the court is limited to considering only his cooperation in moving below the statutory mandatory minimum. Starting just one month lower and considering the same factor in calculating a comparable reduction, the court concludes that only a one month reduction is appropriate in this case.[3]

For the stated reasons, the court will grant a one month reduction to Blake's sentence of imprisonment under § 3582(c)(2). An appropriate order will be entered this day.

The Clerk is directed to send a copy of this opinion and the accompanying order to the defendant at his current place of confinement, to counsel of record for the parties, and to the United States Marshals Service.

ENTER: This 25th day of June, 2008.

/s/ James C. Turk
Senior United States District Judge

---

[3] To the extent that denial of Blake's request for a greater sentence reduction under Amendment 706 seems inequitable when inmates who did not cooperate with law enforcement have received reductions, the fault lies in the fact that Amendment 706 did not change the statutory mandatory minimum from which this result is dictated. Only Congress, not the sentencing commission or the court, can change the statutory mandatory minimum.

5